## W. H. HAYS, ET AL., *v.* B. GRINSTEAD.

**Statute of Frauds—Contract for Conveyance of Real Estate.**

A contract for the sale of land not in writing is within the statute of frauds, and hence not binding.

APPEAL FROM WARREN CIRCUIT COURT.

December 8, 1877.

OPINION BY JUDGE ELLIOTT:

There can be no doubt that the appellants, if the allegations of their petition as amended be true, have sustained heavy loss by leaving Texas, where they were prosperous and happy, and returning to Kentucky, and may have left "Texas under the belief that they were to get the property sued for in this action," but under the pleadings in this case the only question that we can consider is as to whether appellants have an enforcible contract for the property sued for in this action.

The letter written by T. W. Ewing to them in Texas, while it expresses anxious solicitude for appellant's return to Warren county, only gives it as the opinion of its author that appellee will give them one-half of his home farm should they return. But if that letter had disclosed the direct promise of appellee to give appellants the half of the home place on their return, the promise would have been uninforcible because not made in writing and signed by appellee or his agent. A contract or some memorandum thereof to convey land must be in writing and signed by the contracting vendor or his authorized agent, or else it does not bind the party.

The appellants fail to exhibit any writing as evidence of any intention of the appellee either to give or sell them the land in dispute. On the contrary they even negative any conclusion that appellee agreed to give them the land in dispute, by stating in their petition that while they resided on the land after their return from Texas they so resided as tenants of appellee, paying him rent for the use of his premises.

That part of the petition of appellants that charges incapacity on appellee to manage his affairs, and the fraudulent conduct of his son in his efforts to take advantage of his father's imbecility and get his property, might have authorized the chancellor, through a jury, to have had an inquest as to the competency of appellee, and if he had been found from age, infinity or other cause, incapacitated to manage and control his estate, a committee should have been appointed to take care both of him and his property. But this was not asked for, and as the appellants fail to state that there has ever been any enforcible contract between them and appellee for any interest in the land sued for they failed to state a cause of action, and the demurrers to their pleadings were properly sustained, and therefore the judgment is *affirmed*.

*Rodes & Clark, for appellants. Halsell & Mitchell, for appellee.*